**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3760-23

M&T BANK s/b/m to
HUDSON CITY SAVINGS
BANK,

     Plaintiff-Respondent,

v.

H. SCOTT GURVEY, MRS.
H. SCOTT GURVEY,
fictitious spouse of H. SCOTT
GURVEY, and AMY R.
GURVEY,

     Defendants-Appellants,

_____

        Argued January 6, 2026 – Decided February 26, 2026

        Before Judges Gooden Brown and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-014035-18.

        Amy R. Gurvey, appellant, argued the cause on appellants' behalf.

Aaron M. Bender argued the cause for respondent (Reed Smith LLP, attorneys, Aaron M. Bender, of counsel and on the brief).

PER CURIAM

This case returns to us following our dismissal of self-represented defendants Scott and Amy Gurvey's appeal of a residential foreclosure action as moot. Following a dispute between the Township and the Gurveys regarding the payment of property taxes on their home, defendants defaulted on their mortgage. Plaintiff loan servicer M&T Bank sent defendants a notice of intention to accelerate and foreclose, which spawned years of litigation between the parties in both state and federal court. Ultimately, defendants voluntarily entered into a contract for the sale of their home to a third party. After the sale, plaintiff received full payment on the mortgage and dismissed the foreclosure action with prejudice. Nonetheless, defendants continued submitting filings related to the dismissed foreclosure action.

In an unpublished opinion, we ultimately determined defendants' then pending appeal was moot because defendants voluntarily sold their property and the foreclosure action was dismissed. M&T Bank v. Gurvey, No. A-0749-21 (App. Div. April 20, 2023) (slip op. at 9-10). Our Supreme Court denied defendants' petition for certification. M&T Bank v. Gurvey, 256 N.J. 438

2

A-3760-23

(2024).   Pertinent to this appeal, defendants subsequently moved in the Chancery Division to vacate the sale of the subject property.  Plaintiff opposed the motion and cross-moved to declare defendants vexatious litigants.[1]

The Chancery Division judge denied defendants' motion in a June 11, 2024 order and granted plaintiff's cross-motion, ultimately resulting in the entry of a Rosenblum[2] order on July 19, 2024, issued by the assignment judge, declaring defendants vexatious litigants and limiting their ability to submit filings related to the sold property.

Defendants now appeal from the June 11 and July 19, 2024 orders, raising the following points for our consideration:

> I. ASSIGNMENT JUDGE SHEILA VENABLE AND CHANCERY JUDGE JODI LEE ALPER ABUSED AUTHORITY, VIOLATED THE LAW OF THE CASE, AND DEPRIVED DEFENDANT-APPELLANTS OF THEIR CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION AND PREEMPTION UNDER THE SUPREMACY CLAUSE IN ISSUING ORDERS, DENYING DEFENDANT-APPELLANTS THE RIGHT TO FILE A NEW COMPLAINT IN THE LAW DIVISION IN SPITE OF TWO SEPARATE ORDERS ISSUED BY

---

[1]  The Gurveys filed a separate action in the Law Division against M&T Bank to challenge the propriety of the dismissed foreclosure proceedings.  On August 2, 2023, Judge Russell J. Passamano granted the Gurveys' motion to voluntarily dismiss that action without prejudice.

[2]  Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000).

LAW DIVISION JUDGE RUSSELL J. PASSAMANO IN 2023 IN THE GURVEYS' PARALLEL PRIORITY LAWSUIT, ON MOTION AND AFTER BOTH ORAL AND WRITTEN ARGUMENT, EXPLICITLY PERMITTING APPELLANTS TO FILE A NEW COMPLAINT TO CONFORM TO NEW LAW AND UPDATED FACTS FOLLOWING ABHORRENT ACTIONS . . . FORCING PETITIONERS TO INVOLUNTARILY SELL THEIR HOME OF TWENTY YEARS UNDER DURESS WHEN THEY WERE NEVER IN DEFAULT.

II. CHANCERY ERRED IN DENYING PETITIONERS A MOTION TO RECONSIDER DUE TO A MATERIAL CHANGE IN LAW THAT WOULD HAVE CHANGED THE COURT'S EARLIER DETERMINATIONS. CHANCERY ERRED IN FINDING PETITIONERS TO BE "FRIV[OLOUS] LITIGANTS" WHEN THE STATUTORY CONDITIONS FOR SUCH FINDING DO NOT EXIST AND PETITIONERS DO NOT MEET THE DEFINITION BUT M&T AND ITS DEBT COLLECTORS DO. TWO VICINAGE JUDGES EXCEEDED STATUTORY AND CONSTITUTIONAL AUTHORITY IN BARRING APPELLANTS FROM FILING ADDITIONAL MOTIONS IN ANY COURT (INCLUDING THE APPELLATE DIVISION) AND AWARDED COSTS AND FEES TO RESPONDENT M&T INSTEAD OF AWARDING SANCTIONS TO APPELLANTS.

THE GURVEYS CANNOT BE FRIVOLOUS LITIGANTS AS A MATTER OF LAW. RESPONDENT M&T AND ITS DEBT COLLECTOR LAWYERS PARTICIPATED IN 8-YEAR OBSTRUCTION OF JUSTICE WITH STATE COURT OFFICERS

4

WARRANTING DAMAGES FOR WRONGFUL STATE ACTION, MALICIOUS ABUSE OF PROCESS AND PUNITIVE DAMAGES IN FAVOR OF APPELLANTS.

JUDGE ALPER ABUSED HER AUTHORITY BY NOT CONVENING HEARINGS ON THE ALLEGED INDEBTEDNESS STATEMENTS PRIOR TO ENTRY OF DEFAULT JUDGMENT IN 2021 AND WHEN RECONSIDERATION WAS DENIED. THE APPELLATE DIVISION HAD A DUTY TO GRANT APPELLANTS AN EMERGENCY APPEAL AS OF RIGHT TO ABORT CONTINUING VIOLATIONS OF THEIR CONSTITUTIONAL RIGHTS TO SAVE THEIR HOME.

III. CHANCERY ERRED IN FINDING THAT THE FORECLOSURE WAS UNCONTESTED WHEN AN ANSWER AND COUNTERCLAIM HAD BEEN FILED, DOCKETED BY CHANCERY AND JUDGE ALPER ADMITTED ON THE RECORD IN 2021 THAT SHE RECEIVED THE COMPLETE RECORD FROM THE DNJ ON APRIL 24, 2019. JUDGE ALPER DENIED APPELLANTS DUE PROCESS BY REFUSING TO HEAR THEIR OPPOSITION TO THE FRAUDULENT COMPLAINT IN FORECLOSURE.

JUDGES ALPER AND VENABLE ABUSED DISCRETION BY TAKING JUDICIAL NOTICE OF 1) EX PARTE PROFFERS ACCEPTED FROM THE GURVEYS' ADVERSARIES, 2) DISPUTED ORDERS IN OTHER

COURTS, 3) SUA SPONTE ORDERS ENTERED WITHOUT MOTIONS ON NOTICE AND ENTRIES ON THE ALTERED ESSEX COUNTY DOCKET WARD v. USPS, 634 F. 3D 1274 (Fed Cir. 2011)

JUDGE ALPER CONSISTENTLY VIOLATED PREEMPTING RESPA REGULATIONS THAT MANDATED DISMISSAL WITH PREJUDICE OF THE FORECLOSURE COMPLAINT IN 2018, AN AWARD OF CONSUMER FRAUD DAMAGES IN FAVOR OF APPELLANTS FOR LOSS OF A CERTIFIED CASH BUYER'S SIGNED CONTRACT IN 2018 12 USC §2605(e); 12 CFR 1024 AND JUDGE ALPER HAD FULL POWER TO ADJUDICATE AND DISPENSE WITH ALL CLAIMS IN LAW AND EQUITY IN 2018 INCLUDING ORDER WITHDRAWAL OF THE FRAUDULENT CREDIT NOTICES PLACED BY M&T IN RES[P]ONSE TO APPELLANTS QUALIFYING WRITTEN REQUESTS

JUDGE ALPER MUST BE ORDERED TO RECUSE HERSELF RETROACTIVE TO 2022 AND VACATE ORDERS FOR ENTERTAINING EX PARTE COMMUNICAT[]IONS WITH ADVERSE ATTORNEYS AND FAILING TO SERVE THE GURVEYS WERE EX PARTE PROFFERS ACCEPTED AND CONSIDERED BY THE COURT.

We reject each argument and affirm.

6

We recount the protracted history underlying the dispute as set forth in our previous decision:

> [I]n 2002, the Gurveys, a married couple, executed a note for $561,600 in favor of Hudson City Savings Bank (HCSB) secured by a mortgage on their Montclair residential property. In 2015, M&T acquired HCSB in a merger and became the record holder of the mortgage.
>
> As a result of significant water damage from broken pipes in the home, a property tax dispute developed between the Gurveys and Montclair Township, which led to the Gurveys filing a complaint against the Township in tax court challenging the Township's tax assessments on their home for tax years 2009, 2010, and 2011. While the tax court proceedings and associated appeals were ongoing, in a December 7, 2016 letter, M&T notified the Gurveys about delinquent property taxes due on their home and requested that payment be made as required under the terms of the mortgage agreement. The Gurveys responded that no taxes were due because the Township could not collect taxes without the court's approval while the tax court litigation was ongoing.
>
> In a January 31, 2017 letter, M&T informed the Gurveys that in accordance with the note and mortgage agreements, M&T had paid the outstanding tax liability to the Township, created an escrow account for the payment of future property taxes, and adjusted the Gurveys' monthly payment to reflect the changes going forward. Believing that the escrow account was wrongfully created, the Gurveys refused to make the adjusted payments and instead paid only principal and interest. As a result, M&T declared the Gurveys in default beginning May 1, 2017, and, on July 6, 2017,

mailed them a Notice of Intention to Accelerate and Foreclose.

In response, the Gurveys filed a complaint and order to show cause against M&T in the Law Division seeking restraints and asserting, among other things, that M&T breached the mortgage agreement by "unilaterally creating an escrow account" and "tortiously interfered" with the Gurveys' tax litigation against the Township. . . .

While the Law Division action was pending, on July 5, 2018, M&T filed a foreclosure complaint against the Gurveys in the Chancery Division. The Gurveys removed the case to the United States District Court and filed their answer and counterclaims in the federal court. M&T moved to remand the matter back to state court, which motion was granted on March 29, 2019. The Gurveys filed two separate unsuccessful appeals of the remand order with the Third Circuit.[3]

Following the remand, on September 23, 2020, M&T moved for entry of default on the ground that the Gurveys had not filed a contesting answer in the Chancery Division. Over the Gurveys' objection, the Chancery judge granted M&T's motion and entered default, finding there was no docketed answer on file in the state court. In a September 2, 2021 order, the judge also denied the Gurveys['] subsequent motion to vacate the default pursuant to Rule 4:43-3, finding the Gurveys failed to raise a meritorious defense.

---

[3] The Gurveys filed two other federal lawsuits related to the foreclosure, asserting federal constitutional and statutory claims against M&T and various New Jersey state judges. One complaint was dismissed on abstention grounds and the other was administratively terminated pending the conclusion of the Law Division litigation.

A-3760-23

Thereafter, M&T moved for final judgment while the Gurveys filed a motion for leave to appeal the September 2, 2021 order denying their motion to vacate the entry of default. On November 12, 2021, we granted the Gurveys' motion and summarily reversed the September 2, 2021 order. We remanded the case "to the trial court to consider whether an answer was filed" in state court, "and if not, if there was good cause to permit the filing of an answer once the case was remanded from [f]ederal [c]ourt."

Following additional motion practice, on December 7, 2021, the Chancery judge entered final judgment of foreclosure in favor of M&T. On January 31, 2022, the Gurveys moved to vacate the final judgment pursuant to Rule 4:50-1, and, on February 18, 2022, the Chancery judge denied the motion. The Gurveys subsequently moved to stay a Sheriff's sale of their property based on the home's pending sale to a private buyer. Ultimately, a stay was granted, and the home was sold to private buyers on July 6, 2022. After M&T received a pay-off of the mortgage note from the sale proceeds and discharged the debt, on M&T's motion, an order was entered on August 5, 2022, vacating the final judgment and dismissing the foreclosure action with prejudice.

[M&T Bank, (first three alterations added) (slip op. at 2-5).]

We dismissed the Gurveys' appeal as moot, reasoning:

The Gurveys neither dispute the pay-off amount nor paid it with an express reservation of their rights and remedies. Indeed, the relief sought by the Gurveys is a ruling vacating the final judgment of foreclosure and dismissing the foreclosure action with prejudice. However, that relief has already been granted and the

9

Gurveys are no longer liable on the note and mortgage. Moreover, the Gurveys also have a pending complaint against M&T in the Law Division as well as a federal action in which the Gurveys have filed similar claims as the ones asserted against M&T in the now-dismissed foreclosure action. Thus, the Gurveys have a forum to advance their underlying claims against M&T. Under the circumstances, we are satisfied that appellate review would be inappropriate in this case.[4]

[Id. at 8-9.]

Defendants continued submitting repetitive filings related to the foreclosure action. On March 27, 2024, defendants moved to vacate the voluntary sale of the subject property and dismiss plaintiff's foreclosure complaint with prejudice retroactive to 2018. Plaintiff opposed the motion and cross-moved to declare defendants vexatious litigants. In a June 11, 2024 order, Chancery Division Judge Jodi Lee Alper denied defendants' motion and granted plaintiff's cross-motion, recommending that Essex Vicinage Assignment Judge Sheila A. Venable enter an order "declar[ing] defendants vexatious litigants" and prohibiting defendants "from filing any further actions" relating to the "foreclosure action without prior leave of . . . [c]ourt." The order also awarded plaintiff attorneys' fees and costs "to be determined" in connection with the motions.

---

[4] We denied defendants' motion for reconsideration on May 15, 2023.

In a supporting statement of reasons, the judge recounted defendants' extensive litigious history and detailed sanctions imposed "by courts in various jurisdictions." The judge found that "the procedural history . . . evidence[d] a history of vexatious and frivolous litigation by defendants," and further found that "prior sanctions and warnings by various courts have been ineffective in preventing . . . defendants from engaging in such conduct."

On July 19, 2024, Judge Venable declared defendants vexatious litigants and prohibited them from submitting any further filings related to the subject property without prior judicial approval. The order applied to filings in both the Chancery Division and the Law Division. In the order, defendants were directed to pay plaintiff attorneys' fees and costs totaling $5,030.00 in connection with the motions.

In an accompanying written opinion, Judge Venable conducted a Rosenblum analysis. In Rosenblum, 333 N.J Super. at 387, we provided a framework "to decide whether a pro se litigant can be enjoined from filing a complaint on the grounds that his or her prior complaints have been frivolous and result in harassing and vexatious litigation." We held:

> [A]n [a]ssignment [j]udge can prevent the filing of a complaint, or issuance of a summons thereon, when the plaintiff's prior litigation demonstrates a pattern of frivolous pleadings, provided that it is also

demonstrated that traditional sanctions for frivolous litigation have provided no deterrent to the plaintiff and the [a]ssignment [j]udge reviews the complaint and is satisfied that it has no merit.

[Ibid.]

Relying on Rosenblum, first, Judge Venable considered whether defendants' prior applications revealed a pattern of frivolous litigation, stating:

As for the content of the Gurveys' filings, the [c]ourt must note that the New Jersey Superior Court judicial staff has repeatedly denied [their] motions for the same or similar reasons. The [c]ourt has determined, on more than one occasion, that the Gurveys[] do not have any basis for a claim against M&T Bank, yet they continue to attempt to persuade the [c]ourt to re[]litigate already final decisions. The frivolity of the Gurveys' filings are also demonstrated by their continued reassertion of the same issues and allegations, which have repeatedly been dismissed/denied by the [c]ourt. The [c]ourt notes that each of the Gurveys' filings relate to the same [Montclair] property . . . . Whether the filings relate to their mortgage on the property held by [p]laintiff . . . , their July 7, 2022[] sale of the [p]roperty, or the foreclosure action which arose from their default on their mortgage loan, the issues raised in each of the Gurveys' filings have been raised multiple times and are devoid of any supporting credible evidence.

These filings have been repetitively denied by [t]he Superior Court of New Jersey in the Chancery and Foreclosure Actions, as well as by the Appellate Division. Moreover, the [c]ourt notes that the New Jersey Supreme Court has also denied the Gurveys' petition for certification on the claims repetitively raised and denied by this State's lower courts.

12

Next, the judge considered whether sanctions were issued and failed to serve as a deterrent, explaining:

> [T]he [c]ourt finds that the Gurveys have been sanctioned with monetary sanctions by courts in several jurisdictions . . . . Despite facing such sanctions in other jurisdictions, the Gurveys have continued filing repetitive and frivolous submissions in New Jersey courts.
>
> With respect to the State of New Jersey, the [c]ourt finds that the Gurveys[] were threatened by sanction on June 11, 2021, when [Judge Alper] ordered that she would make a recommendation to the Essex Vicinage [a]ssignment [j]udge for the entry of an [o]rder awarding M&T Bank with attorneys' fees and costs in connection with having to oppose the Gurveys' [m]otion and file the instant [motion]. While more traditional sanctions have not yet been imposed upon the Gurveys, the [c]ourt finds that traditional sanctions will not deter the frivolous filings of the Gurveys, particularly in light of the fact that traditional sanctions imposed in other jurisdictions have not served as a deterrent.[5]
>
> The conduct of the Gurveys, even when viewed in a light most favorable to them, reflects a clear plan to abuse the judicial process. Therefore, the [c]ourt finds that no threat of sanction, nor sanction crafted by the [c]ourt, whether traditional or non-traditional, would effectively deter the Gurveys from continuing

---

[5] Judge Venable noted that although Amy Gurvey was self-represented, she was an attorney licensed to practice law in New York who had been suspended for six months for "pursuit of frivolous and vexatious litigation, as well as her misrepresentations to the court." Matter of Gurvey, 102 A.D.3d 197, 200 (N.Y. App. Div. 2012).

A-3760-23

their pattern of filing of repetitive and unsubstantiated court documents.

Lastly, the judge considered the instant application and concluded defendants' filing was "deficient in procedure and substance," and as such was "without merit." According to the judge, procedurally, the motion at issue "fail[ed] to comply with [Rule] 1:6-2 in that it fail[ed] to contain any proposed form of order." Further, the motion "fail[ed] to name all necessary parties" as "the [b]uyers" were omitted "from the action."

As to substance, the judge found:

> [T]he arguments raised are without merit. The Gurveys contend that the sale of the [p]roperty was involuntary. However, at [o]ral [a]rgument on May 10, 2022, the Gurveys requested that the [c]ourt stay the sale of their home because they wanted to sell the [p]roperty. Specifically, the Gurveys stated that they had "been trying to sell the house for quite some time" and that they "finally got somebody to sell the house and buy the house." Therefore, the [c]ourt finds that the record indicates that the Gurveys' sale of the [p]roperty must be deemed voluntary, especially in light of their admissions. Moreover, the [c]ourt finds that the arguments raised by the Gurveys throughout the [m]otion have repeatedly been litigated. In fact, the Appellate Division has previously denied the relief sought, and the New Jersey Supreme Court has denied the Gurveys' petition for certification as to the Appellate Division's decision.

14

Finding that since 2017, defendants "have relentlessly attempted to relitigate issues previously decided" in "an attempt to undermine the authority of this [c]ourt and the State's higher courts," and "have abused the judicial process and usurped the court's time and resources with their meritless filings," the judge made the temporary restraints imposed by Judge Alper permanent, and issued a Rosenblum order enjoining defendants from future filings without prior judicial approval. This appeal followed.

We review a court's order enjoining a litigant from further filings for abuse of discretion. Parish v. Parish, 412 N.J. Super. 39, 51 (App. Div. 2010); Rosenblum, 333 N.J. Super. at 392. "A court abuses its discretion when a decision 'is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Terranova v. Gen. Elec. Pension Tr., 457 N.J. Super. 404, 410 (App. Div. 2019) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

Defendants contend Judge Venable "abused [her] discretion by entering a filing ban" in violation of their constitutional rights. We disagree.

"[T]he complete denial of the filing of a claim without judicial review of its merits would violate the constitutional right to access of the courts." Parish, 412 N.J. Super. at 48 (quoting Rosenblum, 333 N.J. Super. at 390). Still, "courts

15

have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation.'" Ibid. (quoting Rosenblum, 333 N.J. Super. at 387). Indeed, "'[w]here a pattern of frivolous litigation can be demonstrated, the [a]ssignment [j]udge can prevent the complaint from being filed[,]' when other available sanctions, such as monetary penalties, proved unsuccessful as a deterrent." Id. at 49 (fourth alteration in original) (quoting Rosenblum, 333 N.J. Super. at 391-92).

The "discretionary exercise of the extreme remedy of enjoining or conditioning a litigant's ability to present his or her claim to the court must be used sparingly; it is not a remedy of first or even second resort." Parish, 412 N.J. Super. at 54. Indeed, such an extreme remedy will "clearly require the [a]ssignment [j]udge to do more than conclude [the party's] prior complaints were frivolous." Rosenblum, 333 N.J. Super. at 396. Instead, the assignment judge must assess the "volume and disposition of the cases" filed by the litigant, "address the allegations in the present complaints," "give reasons for [the] conclusion that the complaints may not be filed," "be assured that more traditional sanctions will not protect against frivolous litigation," and "review the new complaint to be assured that a meritorious claim is not suppressed." Id. at 396-97; see also Parish, 412 N.J. Super. at 54 (noting an injunction can only

16

be issued after a judge: (1) finds that "past pleadings were frivolous or designed for an abusive purpose; (2) fully scrutinizes the newly filed pleadings and determines them to be repetitive and within the scope of the proscribed vexatious matters; and (3) has unsuccessfully attempted to abate the abuse by employing sanctions").

Applying these principles, we are satisfied Judge Venable did not abuse her discretion in designating defendants vexatious litigants and enjoining future filings without prior judicial approval. We affirm substantially for the reasons expressed in Judge Venable's comprehensive and thoughtful written decision. As the judge aptly explained, "the Gurveys' [litigation] history with the judiciary demonstrates a pattern of filing frivolous lawsuits" and "the Gurveys' disregard of court orders and relentless filing of repetitive and unsubstantiated applications necessitate a Rosenblum injunction."

We reject defendants' argument that Judge Venable's Rosenblum order should not have included filings in the Law Division. As the assignment judge, Judge Venable is "responsible for the supervision and efficient management of all court matters filed in the vicinage." R. 1:33-4(c). Therefore, her order appropriately encompassed the Gurveys' filings in both the Law Division and the Chancery Division. To the extent we have not specifically addressed

17

defendants' remaining arguments, we deem them without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division